UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO ROMERO and ABEL VERA, on behalf of themselves, individually, and on behalf of all others similarly-situated,

Plaintiffs,

-against-

F & J PINE RESTAURANT LLC d/b/a F & J PINE RESTAURANT, and 4 A KIDS LLC d/b/a F & J PINE RESTAURANT, and ANTHONY BASTONE, individually,

Defendants.

**FIRST AMENDED COMPLAINT**

**Docket No.: 1:25-cv-10599 (JMF)**

Jury Trial Demanded

JULIO ROMERO ("Romero"), and ABEL VERA ("Vera") (Romero and Vera, together where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against F & J PINE RESTAURANT LLC d/b/a F & J PINE RESTAURANT ("F & J"), and 4 A KIDS LLC d/b/a F & J PINE RESTAURANT ("4 A Kids") (together as "the Entity Defendants"), and ANTHONY BASTONE, individually, (collectively, with the Entity Defendants, where appropriate, as "Defendants"), allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers pay all wages owed to their employees who perform manual work on at least as frequently as a weekly basis, NYLL § 191(1)(a); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendants are two New York limited liability companies that operate as a single enterprise to run a Bronx restaurant known to the public as F & J Pine Restaurant, as well as the enterprise's owner and day-to-day overseer. Plaintiff Romero worked for Defendants as a kitchen assistant from in or around August 2022 through August 2025. Plaintiff Vera worked for Defendants as a cook from August 23, 2021, through March 1, 2024. As described below, throughout Plaintiffs' employment, Defendants willfully failed to pay Plaintiffs the overtime wages lawfully due to them under the FLSA and the NYLL. Specifically, Defendants routinely required Plaintiffs to work, and Plaintiffs did work, in excess of forty hours each week, or virtually each week, yet in exchange, Defendants paid Plaintiffs on an hourly basis at their respective regular rates for each hour that they worked, and thus Defendants did not pay Plaintiffs at the overtime rate of one and one-half times their respective regular rates for the hours that they worked over forty in a week.

3. Moreover, throughout Plaintiffs' employment, for those days when Plaintiffs' shifts exceeded ten hours from beginning to end, Defendants did not compensate Plaintiffs with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

4. Furthermore, throughout Plaintiffs' employment, Defendants periodically failed to pay Plaintiffs, who are manual workers, all of their earned wages by each weekly payday, sometimes paying them late, in violation of Section 191(1)(a) of the NYLL.

5. Additionally, Defendants violated the NYLL by failing to provide Plaintiffs with an accurate wage notice at the time of their hire in their primary language or with an accurate wage statement on each payday.

6. Defendants have paid and treated all of their non-managerial employees in the same manner.

7. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs bring their claims under the NYLL and the NYCRR on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result

of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiffs performed all of their work for Defendants in this District.

## PARTIES

11. At all relevant times herein, Plaintiffs worked for Defendants in New York and were "employees" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12. At all relevant times herein, Defendant F & J was and is a New York limited liability company with its principal place of business located at 1913 Bronxdale Avenue, Bronx, New York 10462, which is registered with the New York State Department of State to receive service of process at that same address.

13. At all relevant times herein, Defendant 4 A Kids was and is a New York limited liability company with its principal place of business also located at 1913 Bronxdale Avenue, Bronx, New York 10462, and which is also registered with the New York State Department of State to receive service of process at that same address.

14. At all relevant times herein, while legally distinct entities, Defendants F & J and 4 A Kids, in practice, have operated together as a single enterprise in that both: are commonly owned and managed; are commonly controlled financially; co-mingle both non-managerial and

managerial employees, as well as financial resources; and operate from the same location and for the same primary purpose, namely to run F & J Pine Restaurant in the Bronx.

15. To that end, at all relevant times herein, Defendant Bastone was and is the owner and day-to-day overseer of the enterprise. In this role, Bastone was and is responsible for overseeing all of the day-to-day operations of the business, and was and is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, including hiring and firing employees, determining the rate and method of wages paid to all employees, setting employees' work schedules, distributing job assignment, and for maintaining employment records, including those matters with respect to Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs.

16. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, the qualifying annual business of the Entity Defendants exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees and have operated a business that purchases and sells numerous products that have moved across state lines, such as vegetables, meats, fish, spices, and general goods. Defendants also accept payment in cash that naturally moves across state lines, as well as by credit cards that are processed by out-of-state banking companies. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA,

29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees who worked for Defendants at any time during the applicable FLSA limitations period and who consent to file a claim to recover overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

18. At all relevant times herein, Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

19. At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-managerial employees, including Plaintiffs and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, several hourly employees lodged numerous complaints with Defendants' managers that Defendants were not paying their employees overtime pay in accordance with the law, yet Defendants continue to not pay Plaintiffs and their other non-managerial employees overtime compensation for all hours worked over forty in a week.

20. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

22. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

23. Plaintiffs seek certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

24. During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

25. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants

required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants compensated and compensate the Rule 23 Plaintiffs with an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday; (5) whether Defendants compensated and compensate the Rule 23 Plaintiffs with all of their earned wages in full and in a timely manner; (6) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage notice at hire that contains the information that NYLL § 195(1) requires; (7) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information NYLL § 195(3) requires; (8) whether Defendants maintained and continue to maintain records with respect to each hour that the Rule 23 Plaintiffs have worked; (9) whether Defendants maintained and continue to maintain records with respect to the compensation that they have paid to the Rule 23 Plaintiffs; (10) whether Defendants maintain any defenses, affirmative or otherwise, with respect to the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

26. As described in the "Background Facts" section below, Defendants employed Plaintiffs and have employed Rule 23 Plaintiffs as non-managerial employees at their restaurant. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as Plaintiffs and the Rule 23 Plaintiffs work and/or have worked for Defendants, in New York, yet Defendants have failed to: pay them at the statutorily-required rate of one and one-half times their

respective regular rates of pay for all hours worked in excess of forty in a week; compensate them with an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday; compensate them with all of their earned wages in full and in a timely manner; and provide them with an accurate wage notice upon hire or with an accurate wage statement on each payday. Plaintiffs and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiffs and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday, and in full for all wages due on at least as frequently a weekly basis, and also to be furnished with an accurate wage notice upon hire and with an accurate wage statement on each payday. Plaintiffs and Rule 23 Plaintiffs have all suffered and/or continue to suffer injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

**Adequacy**

27. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs have worked during their employment with Defendants. Defendants did not pay Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all of their hours worked over forty in a week, an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeded ten in a workday, or all of their earned wages in full and in a timely manner, and further did not furnish Plaintiffs with an accurate wage notice at

their time of hire or with an accurate wage statement on each payday, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiffs are no longer employed with Defendants and thus have no fear of retribution for their testimony. Plaintiffs fully anticipate testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

**Superiority**

29. Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to how they have treated the Rule 23 Plaintiffs.

30. Any lawsuit brought by any non-managerial employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

31. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

### ***Facts Common to both Plaintiffs***

32. The Entity Defendants, as described above, are two nominally distinct New York limited liability companies that together operate as a single enterprise to run a restaurant that holds itself out to the public as F & J Pine Restaurant, which is located at 1913 Bronxdale Avenue,

Bronx, New York 10462.

33. At all relevant times herein, Defendant Bastone was and is the owner and day-to-day overseer of the Entity Defendants, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operation of F & J Pine Restaurant, and who was and is ultimately responsible for all personnel-related matters as described above. Indeed, Bastone, either directly or through delegation to managers, hired Plaintiffs, set Plaintiffs' hours and rates of pay, paid Plaintiffs, and maintained or should have maintained Plaintiffs' employment records throughout Plaintiffs' employment.

34. Defendants did not provide Plaintiffs with an accurate wage notice at their time of hire that contained, in their primary language of Spanish, *inter alia*: their regular and overtime rates of pay; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. This failure deprived Plaintiffs of the ability to know exactly how much compensation they were entitled to receive and contributed to the underpayment of wages as asserted herein.

35. On each occasion when Defendants paid Plaintiffs, Defendants failed to provide Plaintiffs with a wage statement that accurately listed, *inter alia*, their actual hours worked, and their regular and overtime rates of pay and wages owed. This failure deprived Plaintiffs of the ability to know exactly how much compensation they were entitled to receive and contributed to the underpayment of wages as asserted herein.

36. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

*37.* Defendants have treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

38. Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

***Plaintiff Romero***

39. Romero worked for Defendants from in or around August 2022 through in or around August 2025, as a kitchen assistant at F & J Pine Restaurant.

40. As a kitchen assistant, Defendants required Romero to perform duties, including but not limited to, preparing and seasoning meats, vegetables, cooking and grilling food, and cleaning the kitchen.

41. Well more than twenty-five percent of his job duties, and in fact, virtually all of his job duties, required performing manual labor.

42. From the beginning of his employment until in or around the beginning of 2025, Defendants scheduled Romero to work, and Romero did work, either five or six days per week, from either on or around 8:30 a.m. to on or around 4:30 p.m., or from on or around 4:00 p.m. to on or around 10:30 p.m. or 11:00 p.m, without a scheduled or uninterrupted break during his shifts. Romero was also often required to work double shifts - - typically on Fridays or Sundays - - during which he worked from approximately 8:30 a.m. through approximately 11:00 p.m., without a scheduled or uninterrupted break, for a total of approximately thirty-five to fifty-two scheduled hours per week during that time.

43. From in or around the beginning of 2025 until in or around June 2025, Defendants scheduled Romero to work, and Romero did work, two or four days a week, Sunday and Monday from 4:00 p.m. to 11:30 p.m., and/or Friday and Saturday from 8:00 a.m. to 11:00 p.m., without a

scheduled or uninterrupted break during his shifts, for a total of approximately forty-five scheduled hours per week. In or around July 2025, Romero was scheduled to work, and Romero did work, two days a week, Friday and Saturday from 8:00 a.m. to 11:00 p.m., without a scheduled or uninterrupted break during his shifts, for a total of thirty hours a week. In or around August 2025, before his employment ended, Romero was scheduled to work, and did work, one day a week, Friday from 4:00 p.m. to 11:00 p.m., without a scheduled or uninterrupted break during his shift, for a total of eight hours a week.

44. In addition to those hours, during certain weeks of November and December of each year of his employment, Defendants routinely required Romero to start his shift as early as 5:00 a.m. to prepare food for the restaurant's holiday events.

45. In exchange, throughout his employment, Defendants paid Romero, *via* check, on an hourly basis at the regular rate of $17.00 for all hours that he worked in a week up to forty in a week.

46. For every hour that he worked over forty in a week, Defendants paid Romero, in cash, at his regular hourly rate of $17.00.

47. Thus, at no point during his employment did Defendants pay Romero an overtime premium at the rate of one and one-half times his regular rate of pay for any hours that Romero worked in a week over forty.

48. By way of example only, for the week of July 24 through July 30, 2023, Defendants required Romero to work, and Romero did work, a total of approximately 58.45 hours, according to the following schedule, without a scheduled or uninterrupted break during his shifts:

Monday, July 24, 2023: Off;

Tuesday, July 25, 2023: 4:24 p.m. to 10:36 p.m.;

Wednesday, July 26, 2023: 8:37 a.m. to 4:23 p.m.;

Thursday, July 27, 2023: 8:27 a.m. to 4:39 p.m.;

Friday, July 28, 2023: 8:27 a.m. to 11:36 p.m.;

Saturday, July 29, 2023: 4:32 p.m. to 11:24 p.m.; and

Sunday, July 30, 2023: 8:41 a.m. to 10:57 p.m.

In exchange for his work that week, Defendants paid Romero at the regular rate of $17.00 for all hours of work, for a total of $993.65. Thus, Defendants did not pay Romero an overtime premium for the 18.45 hours that he worked in excess of forty that week.

49. By way of a second example, for the week of February 12 through February 18, 2024, Defendants required Romero to work, and Romero did work, a total of approximately 57.86 hours, according to the following schedule, without a scheduled or uninterrupted break during his shifts:

Monday, February 12, 2024: 4:07 p.m. to 11:04 p.m.;

Tuesday, February 13, 2024: Off;

Wednesday, February 14, 2024: 1:01 p.m. to 12:10 a.m. (next day);

Thursday, February 15, 2024: 8:38 a.m. to 4:39 p.m.;

Friday, February 16, 2024: 8:40 a.m. to 11:43 p.m.;

Saturday, February 17, 2024: 4:09 p.m. to 12:28 a.m. (next day); and

Sunday, February 18, 2024: 2:02 p.m. to 10:24 p.m.

In exchange for his work that week, Defendants paid Romero at the regular rate of $17.00 for all hours of work, for a total of $983.62. Thus, Defendants did not pay Romero an overtime premium for the 17.86 hours that he worked in excess of forty that week.

50. Additionally, throughout Romero's employment, for those days when his shifts exceeded ten hours from beginning to end, such as in the two example weeks just detailed, Defendants did not compensate Romero with an additional one hour of pay at the minimum wage rate.

51. On multiple occasions, Defendants failed to pay Romero all of his earned wages on at least as frequently as a weekly basis by paying him two weeks after his scheduled payday. Furthermore, on a few occasions during the first half of 2025, Defendants failed to pay Romero entirely for multiple weeks of work. When Romero confronted Defendants about the missed payments, Defendants responded that the payments would be made at a later, unspecified time, but failed to remit the owed wages.

52. Other than those occasions described in the prior paragraph, Defendants paid Romero on a weekly basis, *via* both check and cash.

***Plaintiff Vera***

53. Vera worked for Defendants from August 23, 2021, through March 1, 2024, as a cook at F & J Pine Restaurant.

54. As a cook, Defendants required Vera to perform kitchen duties, including but not limited to, preparing and cooking meats and vegetables, grilling food, and occasionally operating the oven.

55. Well more than twenty-five percent of his job duties, and in fact, virtually all of his job duties, required performing manual labor.

56. Vera's schedule frequently varied due to Defendants' operational needs. From the beginning of his employment until in or around beginning of 2023, Defendants scheduled Vera to work, and Vera did work, four or five days per week, from Wednesday to Sunday, from 4:00 p.m.

to 11:00 p.m., without a scheduled or uninterrupted break during his shifts, for a total of approximately thirty-two or forty scheduled hours per week. From the beginning of 2023 through the end of employment, Vera worked varying days and schedules, working two to four days a week, from 8:00 a.m. to 11:00 p.m., without a scheduled or uninterrupted break during his shifts, for approximately thirty to sixty hours a week.

57. In addition to those hours, Defendants routinely required Vera to start his shift as early as 5:00 a.m. to prepare food for the restaurant's holiday events.

58. In exchange, throughout his employment, Defendants paid Vera, *via* check, on an hourly basis at the regular rate of $17.50 from the beginning of his employment through February 2022, and at the regular rate of $19.00 from February 2022 until the end of his employment, for all hours worked in a week up to forty.

59. For every hour worked over forty in a week, Defendants paid Vera, in cash, at his regular hourly rate stated above.

60. Thus, at no point during his employment did Defendants pay Vera an overtime premium at the rate of one and one-half times his regular rate of pay for any hours that Vera worked in a week over forty.

61. By way of example only, for the week of December 18 through December 24, 2023, Defendants required Vera to work, and Defendants recorded Vera working, at least a total of approximately 58.95 hours, according to the following schedule, without a scheduled or uninterrupted break during his shifts:

Monday, December 18, 2023: Off;

Tuesday, December 19, 2023: 8:13 a.m. to 11:03 p.m.;

Wednesday, December 20, 2023: 7:57 a.m. to 11:59 p.m.;

Thursday, December 21, 2023: 7:58 a.m. to 10:58 p.m.;

Friday, December 22, 2023: Off;

Saturday, December 23, 2023: Off; and

Sunday, December 24, 2023: 8:05 a.m. to 9:50 p.m.

In exchange for his work that week, Defendants paid Vera at the regular rate of $19.00 for all hours of work, for a total of $1,120.05. Thus, Defendants did not pay Vera an overtime premium for the 18.95 hours that he worked in excess of forty that week.

62. Additionally, throughout Vera's employment, for those days when his shifts exceeded ten hours from beginning to end, such as in the example week just detailed, Defendants did not compensate Vera with an additional one hour of pay at the minimum wage rate.

63. On multiple occasions, Defendants failed to pay Vera all of his earned wages on at least as frequently as a weekly basis by paying him two or three weeks after his scheduled payday.

64. Other than those occasions described in the prior paragraph, Defendants paid Vera on a weekly basis, *via* both check and cash.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

65. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

67. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

68. As also described above, Plaintiffs and FLSA Plaintiffs have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

69. Defendants have willfully violated the FLSA.

70. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

71. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

72. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

74. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were and/or are employees within the meaning of the NYLL and the NYCRR.

75. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

76. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

77. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Violation of the NYLL's and the NYCRR's Spread-of-Hours Requirements*

78. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79. NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

80. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were and/or are employees within the meaning of the NYLL and the NYCRR.

81. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action have worked days when their spread of hours exceeded ten, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

82. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

83. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Pay Timely Wages in Violation of the NYLL*

84. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85. NYLL § 191(1)(a) requires that employers pay their manual worker employees all wages owed on at least as frequently as a weekly basis.

86. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were and/or are manual worker employees within the meaning of the NYLL.

87. As also described above, Defendants have failed to pay Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action all wages owed on at least as frequently as a weekly basis.

88. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

89. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

91. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were and/or are employees within the meaning of the NYLL.

92. As also described above, Defendants, at the time of hire, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage notice that accurately contained all of the criteria that the NYLL requires.

93. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

94. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

95. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each payday.

96. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were and/or are employees within the meaning of the NYLL.

97. As also described above, Defendants, on each payday, have failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained all of the criteria that the NYLL requires.

98. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

99. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

g. Awarding all damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

h. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs; Awarding pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
July 2, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________
MICHAEL J. BORRELLI (MB 8533)
ALEXANDER T. COLEMAN (AC 1717)